Mr. Justice Scott delivered the opinion of the Court. In compliance with the order of court made at the preceding term to file a bond for costs on or before the first day of the then next term, the second bill of exceptions shows that the plaintiff on the first day of the last mentioned term at about ten o’clock at night delivered to the clerk at his (the clerk’s) boarding house, which was near half a mile from the clerk’s office, a bond for cost, and that the clerk at that time and place endorsed the same as filed, but did not in fact take the bond so endorsed into the clerk’s office' until the next morning. The plaintiff certainly had the whole of this day for the filing, and therefore the lateness of' the hour is not at all material: so far as this is concerned a still later hour would have been in good time. If the bill of exceptions had distinctly shown that on account of the absence of the clerk and his deputies from the clerk’s office it was, impracticable to deliver the bond to that officer in his office, the delivery to him at his boarding house and his acceptance of it there would seem to be altogether sufficient. All that the plaintiff could do to comply with the order of the court was to deliver a sufficient bond within the time allowed him, to the clerk at his office, and if no clerk or deputy was at the office, then to the clerk or deputy who might be in the active discharge of the duties of the office wherever he might be found. All duty connected with the filing beyond the mere delivery of the paper to the proper custodian within the time ■and at or as near the proper place as may be practicable, is clearly upon the custodian for whose negligence the plaintiff is not bound. From the various facts shown in the reeord — such as, that the court was in session, that the clerk was within less than half a mile of his office at his boarding house, that the clerk did not refuse the tender of the bond there made to him, but received it and at that time and place marked it filed as of that day, although it was about ten o’clock at night and that he took the bond to his office the next morning — it seems fully enough to appear that the clerk on the day of the supposed filing was in ihe active discharge of the duties of his office, and that, at that hour, it was impracticable to deposit the paper in the clerk’s office with the clerk or any person authorized to receive it officially, and consequently that the filing, so far as the plaintiff was concerned, was a good one. Because, although the plaintiff had not manifested diligence, he had acted before the time that was allowed him had expired, and at that late hour of his time had done all that it was practicable for him to do, and had, in doing so, done no act to render it impracticable for the clerk to perform, in the time allowed the plaintiff, the duty that was incumbent on him as clerk in relation to the filing, and which, by receiving the paper, he had taken upon himself in his official capacity. Under the facts as to the filing, as they appear in the record, the case is in no respect different in principle from a case where at mid-day the plaintiff might have delivered the bond to the clerk between the clerk’s office and'the court house and the clerk had received the paper thus tendered to his official custody. And such a delivery as this could not be extra official, unless it be true that the clerk’s official identity is to be found only in his office or in court, which will not be pretended. And besides all this, such tardiness on the part of the plaintiff could not by possibility affect the rights of the defendant because his right in the premises did not begin until the next day. Then and not before he might have tested the sufficiency of the bond unless the bond had been filed previously to the first day of the court; and even in the latter case he would not do so until after the expiration of the time unless he desired to give the plaintiff an opportunity to supply deficiencies. But although the bond for costs in this case was filed in time, the bond itself is wholly insufficient because it is conditioned for the payment of costs in a case wherein “ Eli Modglin is plaintiff and Nathan Slay is defendant,” which did not describe the case at bar, which was an action wherein “Eli Modglin and Missouri Modglin his wife” were plaintiffs and Nathan Slay defendant. 'fhis bond is set out in hcec vet'ba in the first bill of exceptions and is therefore a part of the record. There is also another bond copied in the ¡transcript as executed by Eli Modg-lin and Lemuel Halstead, which is not only deficient in this respect, but also deficient in providing only for the security of the costs that “ may accrue” : but this bond was not made a part of the record by bill of exceptions, and is therefore out of the case. There was no error therefore in the judgment of the court dismissing the case, the bond filed having misdescribed the action. Nor was there any error in the judgment growing out of the fact shown in the second bill of exceptions that after the expiration of the time and before the final action upon the motion to dismiss that the plaintiff- “ asked leave and offered to amend said bond in any particular it might be deemed defective or to execute such new bond as the court might require.” Because even if the plaintiff had gone further and had actually tendered a good and sufficient bond instead of making a simple offer to do so, we would not control the discretion of the circuit court in refusing to permit it to be filed, although that court might regularly, for the advancement of justice, have permitted it in the exercise of sound discretion. Because the plaintiff by his failure to comply with the previous rule had lost all right in the premises and any further indulgence was solely in the sound discretion of the court below which we will not interfere with in matters of practice like this unless in peculiar cases of palpable injustice. (State vs. Jennings, use of Bettison, 5 Eng. 442.) And so this point was expressly ruled in the case of Town vs. Evans, ante 9, where a good and sufficient bond was actually tendered after the expiration of the time and before final action upon the motion to dismiss. The judgment must therefore be affirmed. A petition for reconsideration in this case was filed and overruled.